213 A.2d 69.

KENDRICK ARTHUR SPEARING *vs.* HERMAN SILVERMAN, *d.b.a.* HERMAN SILVERMAN & CO.

SEPTEMBER 16, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of assumpsit which was tried to a jury in the superior court and resulted in a verdict for the plaintiff. The defendant's motion for a new trial was denied by the trial justice and the case is here solely on the defendant's exception thereto. His other exceptions to rulings of the trial justice during the trial, being neither briefed nor argued, are deemed to be waived. *Allen* v. *John Hancock Mutual Life Ins. Co.,* 92 R. I. 213.

The controversy between the parties arose out of an agreement entered into informally by way of correspondence. The plaintiff, a dealer in antiques residing on the Isle of Wight in England, wrote to defendant, an auctioneer in Providence, soliciting his services in selling antiques at public auction in accordance with conditions set out in a circular as follows:

"* * * We attend to all shipping formalities, & appoint U.S. Customs Broker to attend to all Customs business, pay Duty & forward consignment to destination. Brokers fees, Duty, and Internal transport is paid out by Auctioneer, who then advises us as to paid outs, and this is deducted by him from proceeds of sale of goods. He then forwards to us balance of proceeds and account of amounts brought by goods after deducting paid outs and his own 25% Commission. * * *"

The defendant accepted a shipment of certain Victorian furniture, ornaments and other merchandise of an antique nature in April 1960. However, the first of the auction sales thereof was not held until November 9, 1960. In the meantime the goods which were transported in three wooden crates, eight feet high and three feet wide, were removed therefrom, sorted, cleaned and lotted and temporarily stored until a hall was hired at Rhodes-on-the-Pawtuxet in Cranston where the sale was conducted. Various expenses were incurred in this manner which defendant paid and

for which he reimbursed himself from the gross proceeds of the sales. Those proceeds amounted to $1,219.25.

The defendant claimed deductions therefrom for expenses of sales incurred by him in the amount of $943.74. Thereafter, apparently, he did not make a prompt accounting to plaintiff as a result of which plaintiff placed the account in the hands of a collection agency in New York City, whereupon defendant sent the agency a check for the balance of $275.51 which he claimed was due plaintiff. The plaintiff refused acceptance of the check and brought suit for $716.74 which he claimed was the true balance after deducting in accordance with the agreement defendant's commission of 25 per cent of the gross proceeds amounting to $304.81 and total expenses reasonably incurred of $197.70.

There was no dispute between the parties as to the amount of the gross proceeds of the sale. The plaintiff conceded the amount was satisfactory but questioned the reasonableness or the necessity of certain expenses which defendant sought to deduct and also a supplemental customs fee which defendant paid after the instant litigation was commenced and which was not a part of his original accounting to plaintiff.

The jury apparently did not believe much of the testimony of defendant regarding the necessity or reasonableness of various items of expense for which he claimed reimbursement. And on considering defendant's motion for a new trial the trial justice likewise concluded that defendant's testimony was incredible. His testimony as to one item was false which led the trial justice to remark: "Under the circumstances, the jury, in this Court's opinion, was entitled to consider Mr. Silverman's testimony as incredible. *Falsus in uno, falsus in omnibus.* This is a maxim which in the opinion of this Court has every application to this case."

After a careful perusal of the transcript we find no merit

in either of defendant's contentions that the trial justice erred in upholding the verdict because the jury did not follow the law given to them by him and that they did not weigh the evidence correctly. In his charge to which defendant did not except he expressly stated that defendant as auctioneer acted in a fiduciary capacity toward plaintiff and as such that he had the burden of proving the deductions which he claimed and that they were necessary and reasonable. In his decision denying defendant's motion for a new trial he adverted to this portion of his charge and indicated that the verdict was in accordance therewith not only as to the expenses but also as to their refusal to include the supplemental customs duty as a legitimate item thereof.

The issue of the defendant's credibility played a significant part in the jury's consideration of the evidence and in our opinion they correctly weighed and discredited it. We therefore cannot say that the trial justice was clearly wrong in concluding as he did that a new trial was not warranted on this ground. On our view of the record his decision must stand both on the law and the evidence.

The defendant's exception to the denial of his motion for a new trial is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Halpert & Beaver, Kenneth M. Beaver,* for plaintiff.

*Marcello A. Tropea,* for defendant.